**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity; and Maricopa Audubon Society,<br><br>Plaintiffs,<br><br>v.<br><br>S.M.R. Jewell, in her official capacity as Secretary of the United States Department of the Interior; and Daniel Ashe, in his official capacity as Director of the United States Fish and Wildlife Service,<br><br>Defendants. | No. CV-12-02296-PHX-DGC<br><br>**ORDER** |

Plaintiffs have filed motions to supplement the administrative record. Docs. 32, 33. If the Court denies the motion, Plaintiffs request that the Court take judicial notice of a report from the United States Inspector General ("IG report"). Doc. 33 at 2. The motion has been fully briefed. For the following reasons, the motion will be denied.[1]

**I.    Legal Standard.**

Judicial review of agency action is generally limited to review of the administrative record, and the task of the reviewing court is to apply the appropriate standard of review under the Administrative Procedures Act based on the record the agency presents to the reviewing court. *Animal Def. Council v. Hodel*, 840 F.2d 1432,

---

[1] The requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1436 (9th Cir. 1988), *amended*, 867 F.2d 1244 (9th Cir. 1989) (citing *Friends of the Earth v. Hintz,* 800 F.2d 822, 828 (9th Cir.1986), and *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 743-44 (1985)).  The administrative record consists of "all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (citing *Hodel*, 840 F.2d at 1436).  The focal point for judicial review "should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

Certain circumstances justify expanding judicial review beyond the agency's record.  *Pub. Power Council v. Johnson*, 674 F.2d 791, 793 (9th Cir. 1982).  The record may be supplemented (1) when necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, (3) when necessary to explain technical terms or complex subject matter, or (4) when the plaintiffs make a showing of agency bad faith. *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006).  "It is the plaintiffs' burden to demonstrate that one or more of these exceptions apply." *Parravano v. Babbitt*, 837 F. Supp. 1034, 1039 (N.D. Cal. 1993) *aff'd*, 70 F.3d 539 (9th Cir. 1995).

**II.   Analysis.**

Plaintiffs seek to supplement the record with two documents:  an article by David Fraser from the British Columbia Ministry of Environment, Lands, and Parks which discusses generally peripheral species, and an excerpt from a 2008 United States Inspector General report detailing an investigation into certain policy decisions by the U.S. Fish and Wildlife Service ("FWS") related to endangered species.  Doc. 33 at 2. Plaintiffs argue that both documents will assist the Court in determining "whether the agency has considered all relevant factors and explained its decision." *Id.* at 33.

While this exception provides an avenue for expanding an administrative record, the broad language of the exception must be applied cautiously to avoid swallowing the rule. *Johnson*, 674 F.2d at 794. Supplementation of a record will not be allowed whenever a plaintiff, in an attempt to convince a court that an agency made an unwise choice, argues that the agency should have considered other information. *See, e.g.*, *Asarco Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980 ("[C]onsideration of the evidence to determine the correctness or wisdom of the agency's decision is not permitted[.]"). Nor will supplementation be permitted merely to bolster the record or supply background information. *Hintz*, 800 F.2d at 829 ("The discovery sought by the appellants might have supplied a fuller record, but otherwise does not address issues not already there."). Rather, the moving party must make a viable argument that failure to supplement the record will "effectively frustrate judicial review." *Hodel*, 840 F.2d at 1436.

### A.   Fraser Publication.

Plaintiffs claim that the Fraser publication (Doc. 32-1) will assist the Court in determining whether Defendants considered all relevant scientific information on the significance of peripheral populations before they decided that the desert bald eagle is not eligible for listing consideration under FWS's Distinct Population Segment ("DPS") Policy. Doc. 33 at 3-5. Plaintiffs argue that because FWS previously relied on this study to make a DPS determination regarding marbled murrelets, the study should have been used by FWS in its desert bald eagle determination. *Id.* at 4. Plaintiffs contend that FWS did not give full consideration to the "significance" determination in its report because it "summarily dismissed – in only two sentences – the idea that loss of desert eagles might have a negative effect on bald eagles as whole." Doc. 48 at 4.

The relevant factors exception applies, however, only "when Federal Defendants fail to consider a general subject matter that is demonstrably relevant to the outcome of the agency's decision, not when specific hypotheses and/or conclusions are omitted from consideration." *Pinnacle Armor, Inc. v. United States*, 923 F.Supp.2d 1226, 1234 (E.D.

Cal. 2013) (internal quotations omitted). Plaintiffs acknowledge that FWS considered the general subject matter, but argue that the nature of the consideration was perfunctory and inadequate. Doc 48 at 4. As noted above, however, a party may not supplement the record merely to bolster the record on the general subject matter addressed by the agency. *See Hintz*, 800 F.2d at 829.

Further, Plaintiffs bear the burden of showing that failure to include this report "effectively frustrates judicial review." *Hodel*, 840 F.2d at 1436. Plaintiffs make no argument that failure to include the Fraser publication frustrates judicial review. Instead, they seem dissatisfied with the conclusions reached by Defendants and wish to supplement the record with a report that could be favorable to their position.

**B.   IG Report.**

Plaintiffs claim that a 2008 IG report (Doc. 32-2) should be added to the record because it is necessary to determine whether the agency considered all relevant factors and explained its decision. Doc. 33 at 5. Plaintiffs allege that the report is "central to the issue of whether or not [Defendants] properly and consistently interpreted its DPS Policy" in determining that desert eagles were not eligible for listing as a DPS. *Id.*

The IG report details an investigation conducted after a 2008 ruling in which Judge Murguia found Defendants' 90-day finding regarding the desert bald eagle to be "arbitrary and capricious." Doc. 32-2 at 8. The report explains a dispute between the FWS Washington office and the FWS Region 2 office which led to the mishandled 90-day finding. *Id.* at 2. Plaintiffs contend that the IG report should be included as evidence that Defendants did not consistently apply DPS Policy for purposes of its 12-month finding. Doc. 48 at 6. As discussed above, however, admitting non-record evidence is permissible only when the "agency entirely failed to consider a general subject matter relevant to its decision making." *Pinnacle Armor*, 923 F.Supp.2d at 1235. Plaintiffs have not made this showing,

In addition, Plaintiffs bear the burden of showing that failure to include this data "effectively frustrates judicial review." *Hodel*, 840 F.2d at 1436. In its 12-month

finding, FWS clearly states that it continues consistently to apply DPS policy.  77 Fed. Reg. 25808.  The IG report centers on an inter-agency dispute that occurred in 2006, and the Court is not persuaded that the report is necessary to determine whether FWS applied the proper DPS policy in February 2010.

Plaintiffs also argue that the IG report is admissible under the bad faith exception.  Doc. 33 at 6.  Plaintiffs allege that the IG report provides evidence that improper behavior occurred in the past with regard to FWS' consideration of the desert eagle petition.  *Id.*  They essentially argue that FWS' mishandling of the 90-day finding in August 2006 is proof of a culture of improper behavior within the agency and that the IG report is proof of continued bad faith in this case.  This argument is without merit.  For the bad faith exception to apply, "[n]ormally there must be a *strong showing* of bad faith or improper behavior before the court may inquire into the thought processes of administrative decision makers."  *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1437 (9th Cir. 1988), amended, 867 F.2d 1244 (9th Cir. 1989) (emphasis added).  The IG report about 2006 events does not constitute a strong showing of bad faith in 2010.

### C.   Judicial Notice.

Plaintiffs ask the Court to take judicial notice of the IG report.  Doc. 33 at 7.  This argument is best decided in the context of the parties' summary judgment arguments.  The parties should address the issue of judicial notice of the IG report in their summary judgment briefing.

**IT IS ORDERED** that Plaintiffs' motions to supplement (Docs. 32, 33) are **denied**.

Dated this 13th day of January, 2014.

_____
David G. Campbell
United States District Judge